C. H. BACH, Plaintiff, v. HELEN LYONS, Chester M. Lindemann, the New Albany Trust Company, a Corporation, and Cleves Kinkead, et al., Defendants.

(171 N. W. 890.)

**Action to quiet title — claim for attorneys' fees as interest in land.**

    1. In an action to quiet title to land, where the plaintiff bases his right, title, or interest therein upon an agreement made for legal fees in connection

with certain contest proceedings upon a homestead entry, and which provides that the attorney shall be entitled to receive an undivided one-third interest in the land involved, or the equivalent thereof in money at the option of the parties, it is *held* that the agreement is a contract, executory in its nature, and not a conveyance of a right, interest, or estate in realty.

**Contracts — agreement to pay fees not a conveyance or contract to convey land.**

2. In such action, where the parties have agreed upon the amount to be paid the attorney in money, and the evidence discloses an intention to pay such attorney the equivalent of the land value in money, it is *held* that no action will lie against the heirs of the deceased patentee upon this agreement as a conveyance, or a contract to convey real estate.

Opinion filed March 18, 1919.

Action to quiet title to real estate in District Court, Divide County, *Leighton,* J.

From a judgment rendered in favor of the defendants dismissing plaintiff's action and quieting title in the defendants, the plaintiff appeals, and demands a trial *de novo*.

Modified and affirmed.

*D. A. Greenleaf* and *John H. Lewis,* for appellant.

Proof may be completed by the children of a deceased entryman. U. S. Rev. Stat. § 2292; Bernier v. Bernier, 147 U. S. 242, 37 L. ed. 152.

When the right to patent has been earned, the public policy against alienation ceases, and the land becomes in equity the property of the person entitled to patent. Adams v. McClintock, 21 N. D. 483; United States v. Fryberg, 32 Fed. 195; Pacific Coast Min. Co. v. Spargo, 16 Fed. 348; Simmons v. Wagner, 101 U. S. 260, 25 L. ed. 910; Barney v. Dolph, 24 L. ed. 1063; Deffeback v. Hawke, 115 U. S. 392; Stark v. Starr, 18 L. ed. 925; Martyn v. Olson, 28 N. D. 317; Anderson v. Carkins, 34 L. ed. 272; Bellinger v. White, 5 Neb. 399; Chesser v. De Prater, 20 Fla. 691.

*McGee & Goss,* for respondents.

Whenever there is independent evidence tending to prove an agency, it is competent to prove all of the facts of the alleged agency. 2 Jones, Ev. 256. This court has held to the same effect in Grant County State Bank v. N. W. Land Co. 28 N. D. 503; Short v. Northern Pacific Elevator Co. 1 N. D. 163; Mechem, Agency, 714; Clark & S. Agency, 466; North River Bank v. Aymar, 3 Hill, 266.

Any deed, assignment, or mortgage conveying an interest in real estate must be in writing. Flinner v. McVey, 19 L.R.A.(N.S.) 879; Comp. Laws N. D. § 5888, subdiv. 5, §§ 6330, 6331; Dougherty v. Catlepp, 21 N. E. 932; Counter v. Trippett, 57 Miss. 594; Morgart v. Lamouse, 115 Am. St. Rep. 357.

The verbal assignment of an interest in lands is as much within the operation of the Statute of Frauds as the transfer of legal interest. Hacket v. A. Watts, 40 S. W. 113; Wilkins v. Womble, 90 N. C. 254; Smith v. Clark, 7 Wis. 551; Richardson v. Johnson, 22 Am. Rep. 712; Smith v. Burnham, 3 Sumn. 345, Fed. Cas. No. 13,019.

If such contract existed it is void under the provisions of chapter 5, Homestead, U. S. Rev. Stat.

BRONSON, J. This cause is in the nature of an action to quiet title to an undivided one-third interest in certain land in Divide county, based upon a contract for attorney's fees. In the trial court judgment was rendered dismissing plaintiff's cause of action and quieting the title as between the parties, in the defendants interested. From such judgment the plaintiff appeals and demands a trial *de novo* in this court. In substance the record discloses the following facts: John Lindemann made a homestead entry on 160 acres of land in Divide county on November 18, 1902. While in actual occupation of such land, and before final proof, he died, on April 25, 1905. He left surviving him as his only heir, Louis Lindemann, a son aged twenty years, his former wife having secured a divorce sometime previously. On October 30, 1905, one McKibben initiated a contest against the entry, claiming abandonment; the entry was canceled December 20, 1907. McKibben then made a new entry on January 22, 1908. In February, 1908, Louis Lindemann made an application for a rehearing of the contest proceedings of McKibben; this was granted, and, upon subsequent proceedings had in the United States Land Office, the original entry of his father was reinstated, and thereafter, pursuant to § 2291, U. S. Rev. Stat., Comp. Stat. § 4532, 8 Fed. Stat. Anno. 2d ed. p. 557, on April 24, 1909, a final register's or receiver's receipt was issued to Louis Lindemann as the heir of John Lindemann, deceased, upon final payment made, and thereafter, on May 27, 1909 a United States patent to such land was issued to the heirs of John Lindemann.

In the proceedings to secure reinstatement of the original entry of John Lindemann and in thereafter making final proof and securing the patent, one Barrett, an attorney at law, represented Louis Lindemann. Upon the arrangement made for his fees this cause of action rests. Barrett the attorney testified that one Foley, another attorney, of New Albany, Indiana, came up to Minot to investigate concerning this entry and land of John Lindemann, deceased, and made the arrangements with Barrett that Louis Lindemann was to pay all necessary disbursements as they were needed, and that if he was successful in securing the issuance of a patent with the assistance of two other lawyers at Washington, he was to have one-third interest in the land or its equivalent in money, if they could agree what that was. Again he testified that he was to have one-third interest in the land or its equivalent in cash in case they decided to let someone take the land, or, if they wanted to keep it, to pay him one third of the value. Barrett further testified that he had received thereafter letters from Louis Lindemann which confirmed and ratified this arrangement, but that the letters were lost. He did represent Louis Lindemann, and secured a power of attorney from him so to do. Louis Lindemann was married in September, 1907. He died on August 15, 1909. He left surviving him a wife and a son, Chester, aged one year. His wife subsequently, on February 14, 1913, married Walter Lyons. Shortly after the death of Louis Lindemann, one Moser of New Albany, Indiana, apparently became the administrator of his estate. He came to Minot and saw Barrett. He looked over the land. They agreed that its value was about $3,500. The administrator told Barrett that he would give him a check for his fee if he needed the money, or that if it was not needed he could wait until the land was sold. Barrett testified that he did not then need the money, and the only reason why he did not take the money then was because he did not need it. He further testified that he has never been paid, that Moser had not declined to pay the money, but said that the land would have to be sold to get the money out of it. On April 21, 1913, Barrett granted, bargained, and sold an undivided one-third interest in such lands to the plaintiff, an attorney at Minot. Thereafter this plaintiff instituted this action against Helen Lyons, the widow of Louis Lindemann, Chester M. Lindemann, his minor son, and the Albany Trust Company, the guardian, and one Kinkead, who the plaintiff alleged claims some lien on the premises. The plaintiff

alleged in substance the proceedings hereinbefore. mentioned, excepting that it alleged the agreement to be an undivided one-third interest to said land, or the one-third appraised cash value thereof at the option of said Barrett, and demanded judgment decreeing the plaintiff to be the owner of an undivided one-third interest of such land free from any lien or encumbrance, and further praying that the sum of $60, expense moneys disbursed, be decreed a lien upon the interest of the defendants in the balance of such lands. The record shows no appearance or any claim of any lien by Kinkead. The remaining defendants interposed an answer which alleged, beyond a general denial, that the agreement of the plaintiff is within the Statute of Frauds, and further is void under the United States statutes providing against nonalienation, and affirmatively demands that the title be quieted in them. The trial court, in its findings, held the contract to be against public policy and contrary to the statutes of the United States, inhibiting the alienation of homestead lands, and therefore void.

Upon this record, we are clearly of the opinion that the plaintiff has established no cause of action upon the allegations of his complaint.

We deem it wholly unnecessary to consider whether the alleged agreement is within the Statute of Frauds or void because within the prohibitory provisions of the United States statute.

Upon elementary principles the plaintiff has no cause of action. The contract, if it existed as plaintiff claims, created no title or estate in the plaintiff in the land involved. At the best it was merely an agreement to either convey to plaintiff's assignor the land or to pay the value thereof, upon an option to be exercised by the parties. The contract was executory in its nature. 8 R. C. L. 929; 39 Cyc. 1301; Stewart v. Lang, 37 Pa. 201, 78 Am. Dec. 414; De Bergere v. Chaves, 14 N. M. 352, 51 L.R.A.(N.S.) 50, 93 Pac. 762.

It did not even give to such assignor a right to have a conveyance of the land unless and until the deceased preferred to so do instead of paying one third the value of such land. Furthermore, in accordance with assignor's own testimony, he did agree to take one third the value of such land,—they appraised it at $3,500. The administrator even offered to pay him, and he says that the only reason that he did not take the money at that time (he is now sorry he did not) was because he did

not then need it, and the administrator said that he could use such moneys otherwise until they sold the land.

The agreement of the deceased was, if anything, a contract, not a conveyance. Plainly the appellant has no standing upon his alleged cause of action either in law or in equity. No legal obligation is owing by these defendants to the plaintiff. If this alleged contract is valid, which we do not determine, his claim and demand is against the administrator of the estate of the deceased, not against these defendants.

The judgment of the trial court dismissing plaintiff's cause of action and quieting the title of the defendant heirs at law as to this cause of action is affirmed, with costs to the respondents. Judgment is ordered entered in the trial court pursuant thereto.